(83 App. Div. 62.)

## BEIRNE v. SANDERSON.

(Supreme Court, Appellate Division, Second Department.  May 28, 1903.)

1. PLEADING—BILL OF PARTICULARS.

Code Civ. Proc. § 531, provides that, when a party does not set forth in a pleading the items of an account, he must deliver within 10 days after a written demand therefor a verified copy of the account, and, where the account so delivered is defective, the court may order the delivery of a further account. A complaint alleged that defendant was indebted to plaintiff for moneys paid out and loaned. On demand for a bill of particulars plaintiff furnished a receipt given by defendant to plaintiff, which showed a balance due to plaintiff. *Held*, that the court properly directed plaintiff to furnish a further bill of particulars.

Appeal from Special Term, Orange County.

Action by Edward C. Beirne against William H. Sanderson. From an order of the Supreme Court directing plaintiff to furnish a bill of particulars, he appeals. Affirmed.

Argued before BARTLETT, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

W. T. Shaw, for appellant.

Joseph Rosch, Jr., for respondent.

WILLARD BARTLETT, J.  The complaint in this action alleges that on the 25th day of January, 1889, the defendant was indebted on account to the plaintiff for moneys paid out and loaned to the defendant in the sum of $189, that the defendant has not paid any portion of said sum, and that the same is still owing the plaintiff, with interest. The answer contains a general denial and a plea of payment. Section 531 of the Code of Civil Procedure provides that, where a party does not set forth in a pleading the items of an account therein alleged, he must deliver to the adverse party, within 10 days after a written demand thereof, a verified copy of the account. "The court, or a judge authorized to make an order in the action, may direct the party to deliver a further account, where the one delivered is defective." In accordance with the provisions of this section, defendant's attorney demanded an account from the plaintiff. In response to such demand the plaintiff furnished this paper:

"The plaintiff herein states the following as the bill of particulars to his cause of action herein:

" 'Port Jervis, Jan. 25th, 1889.

" 'Received of Edward C. Beirne, Forty Dollars out of pay for December, '88, of $90.00 drawn this day from paymaster by E. C. Beirne, the balance of $50.00 is credited to my account, leaving due him now $189.00.

" 'W. H. Sanderson.'

"W. F. O'Neill, Plaintiff's Attorney."

Thereupon the defendant moved, under section 531, for a further account or bill of particulars, and the court made the order from which the present appeal is taken. That order was clearly right. The paper served in response to the defendant's demand was in no sense an account or bill of particulars, but apparently nothing more than a copy of a receipt alleged to have been given to the plaintiff by the defendant. At most it was an evidence of indebtedness, which could be used

upon the trial, but failed to disclose distinctly what was the claim of the plaintiff as to any of the items of the account save the $90 therein mentioned.

Order affirmed, with $10 costs and disbursements. All concur.